IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOUGLAS CARP,<br>ROBERT CARP<br>    Plaintiffs<br><br>v.<br><br>CLEVA CLEATS, LLC.<br>KEVIN T. WOODS,<br>JARRETT EDWARDS OUTDOORS,<br>JARRETT EDWARDS,<br>REBECCA EDWARDS | Civil Action No. 13-10631<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Robert Carp and Douglas Carp ("Plaintiffs") by way of Complaint against the above-named Defendants ("Defendants") alleges the following:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2. Plaintiffs Robert Carp and Douglas Carp are partners with a place of business at 188 Needham Street, Suite 110R, Newton, MA 02464.

3. Defendant Cleva Cleats, LLC. is a limited liability corporation organized under the laws of Florida with its principal place of business at 7350 S. Tamiani Trail, Suite 150, Sarasota, Florida, 34231.

4. Defendant Kevin T. Woods is the manager and sole stockholder of Cleva Cleats, LLC., and the purchaser of the infringing patent hardware.

5. Defendant Jarrett Edwards Outdoors, Inc. is the official boat cleat partner of Cleva Cleats, LLC. It is an Arizona corporation with an agent mailing address of 244 Antelope Avenue, Page, Arizona 86040.

6. Defendant Jarrett Edwards is the president and founder of Jarrett Edwards Outdoors, LLC. with a corporate address of 244 Antelope Avenue, Page, Arizona, 86040.

7. Defendant Rebecca Edwards is the secretary of Jarrett Edwards Outdoors, LLC. with a corporate address of 244 Antelope Avenue, Page, Arizona, 86040.

## JURISDICTION AND VENUE

8. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

9. This Court has subject matter jurisdiction under 28 U.S.C. § § 1331 and 1338.

10. 9. Defendants are subject to the jurisdiction of this Court because of M.G.L. c. 223A, §§ 6-7.

Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

## FACTUAL BACKGROUND

11. On May 4, 2004, U.S. Patent No. D489312 (the "312 Patent"), entitled "Boat Cleat was duly and legally issued by the United States Patent and Trademark Office to inventor David J. Ziemer.   The 312 Patent has been duly and legally assigned to Douglas Carp and his partner Robert Carp.  A copy of the 312 Patent is attached as Exhibit A.

12. On January 6, 2004, U.S. Patent No. D484841 (the "841 Patent") entitled "Boat Cleat" was duly issued by the United States Patent and Trademark Office to inventor David J. Ziemer.   The 841 Patent has been duly and legally assigned to Douglas Carp and his partner Robert Carp.   A copy of the 841 Patent is attached as Exhibit B.

13.   On January 6, 2004, U.S. Patent D484842 ("the 842 Patent") entitled Boat Cleat was duly and legally issued by the United States Patent and Trademark Office to inventor David J. Ziemer.   The 842 Patent has been duly and legally assigned to Douglas Carp and his partner Robert Carp.   A copy of the 842 Patent is attached as Exhibit C.

14. On December 30, 2003, U.S. Patent D484448 ("the 448 Patent") entitled Boat Cleat was duly and legally issued by the United States Patent and Trademark Office to inventor David J. Ziemer.   The 448 Patent has been duly and legally assigned to Douglas Carp and his partner Robert Carp.   A copy of the 448 Patent is attached as Exhibit D.

15. On December 30, 2003, U.S. Patent D48449 ("the 449 Patent") entitled Boat Cleat was duly and legally issued by the United States Patent and Trademark Office to inventor David J. Ziemer.   The 449 Patent has been duly and legally assigned to Douglas Carp and his partner Robert Carp.   A copy of the 449 Patent is attached as Exhibit E.

16. On or about November 14, 2012, the Plaintiffs sent an email communication to Defendant Kevin Wood that he and his company had been infringing the '312, '841, 842', '448, and the '449 patents through the operation of its web site ClevaCleats.com Upon information and belief Wood received this email and called Attorney Carp who specifically told him to cease and desist using the patented material.   Carp placed a call to the inventor of the patents, David Ziemer, and was informed that Wood tried to buy the company, did not have the money, therefore he simply copied the designs in hope he would not be caught.

## FIRST CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. D489312
## (35 U.S.C. § 271)

17. The allegations set forth in the foregoing paragraphs 1 through 16 are hereby realleged and incorporated herein by reference.

18. Upon information and belief, Defendants have infringed one or more claims of the '312 Patent in this judicial district and elsewhere by making, using, selling, and/or offering for sale services and products that infringe and/or perform processes that infringe

one or more claims of the '312 Patent ("Accused Services and Products for the '312 Patent").

19.  Upon information and belief, Defendants Accused Services and Products for the '841 Patent include but are not limited to the Defendant's original boat cleats, but to further reproductions in different sizes.

20.  Defendants had actual knowledge of the '841 Patent and its alleged infringement of the patent since at least the time it received Carp's communication on or about November 14, 2012.

21.  Because of Defendant's infringement of the '841 Patent, the Plaintiffs have suffered damages.

## SECOND CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. D484842
## (35 U.S.C. § 271)

22.  The allegations set forth in the foregoing paragraphs 1 through 21 are hereby realleged and incorporated herein by reference.

23.  Upon information and belief, Defendant has infringed one or more claims of the '842 Patent in this judicial district and elsewhere by making, using, selling and/or offering for sale services and products that infringe and/or perform processes that infringe one or more claims of the '842 patent ("Acccused Services and Products for the '842 Patent").

24.  Upon information and belief, Defendant's Accused Services and Products for the '842 patent include but are not limited to the Defendant's original boat cleats, but to further reproduction in different sizes.

25. Defendants had actual knowledge of the '842 patent and its alleged infringement of that patent since at least the time it received Carp's communication on or about November 14, 2012.

26. Because of Defendant's infringement of the '842 Patent, the Plaintiffs have suffered damages.

## THIRD CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. D484448
## (35 U.S.C. § 271)

27. The allegations set forth in the foregoing paragraphs 1 through 26 are hereby realleged and incorporated herein by reference.

28. Upon information and belief, Defendant has infringed and continued to infringe one or more claims of the '448 Patent in this judicial district and elsewhere by making, using, selling and/or offering for sale services and products that infringe and/or perform processes that infringe one or more claims of the '448 patent ("Acccused Services and Products for the '448 Patent").

29. Upon information and belief, Defendant's Accused Services and Products for the '448 patents include but are not limited to the Defendants' original boat cleats, but to further reproduction in different sizes.

30. Defendant had actual knowledge of the '448 patent and its alleged infringement of that patent since at least the time it received Carp's communication on or about November 14, 2012.

31. Upon information and belief, since at least the time it received Carp's email

and phone call, Defendants have committed and continues to commit acts of contributory infringement of the '448 patent under 35 U.S.C. § 271 (c) by providing products, including the Accused Services and Products to others, including but not limited to its customers and partners, knowing or willfully blind to the fact that these products constitute a material part of the invention, were especially made or adapted for use in an infringement of the '448 patent, and no substantial non-infringing uses.

32. In particular, the Accused Services and Products include several different patented boat cleats, all of which the Defendant Kevin Wood attempted to first purchase from the inventor, but was unable to come up with the funds, according to correspondence with the original patent holder. These boat cleats have no substantial non-infringing uses at least because they contain mounts and material and are advertised by the Defendants as the same product covered by the patents. Defendants have known or remained willfully blind to these facts since at least the date it received the notice phone call and email from Carp notifying Defendants that such activities infringed the '448 Patent.

33. Upon information and belief, since at least the time it was contacted by Carp by email and phone call on or about November 14, 2012, Defendant has induced and continues to induce others to infringe at least one claim of the '448 patent under 35 U.S.C. § 271 (b) by, among other things, an with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendants' partners and customers, whose use of the Accused Services and Products constitutes direct infringement of at least one claim of the '442 patent.

32. In particular, Defendants' actions that aid and abet others such as its partners and customers to infringe include advertising and distributing the Accused Services and Products and providing literature, press releases, training, and consulting services regarding the Accused Services and Products. On information and belief, Defendants have engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of

6

the '448 Patent since at least the date it received the phone call and email from Carp notifying Defendants that such activities infringed upon the '442 Patent.

33. Despite Plaintiffs' notice regarding the '442 Patent, Defendants have continued to infringe the '448 Patent.   On information and belief, Defendants' infringement has been and continues to be willful.

34. Plaintiffs have been harmed by Defendants' infringing activities.

## FOURTH CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. D484449
## (35 U.S.C. § 271)

35. The allegations set forth in the foregoing paragraphs 1 through 34 are hereby realleged and incorporated herein by reference.

36. Upon information and belief, Defendants have infringed and continue to infringe one or more claims of the '449 Patent in this judicial district and elsewhere by making, using, selling, and/or offering for sale services and products that infringe and/or perform processes that infringe one or more claims of the '449 Patent ("Accused Services and Products for the '449 Patent").

37. Upon information and belief, Defendants' Accused Services and Products for the '449 Patent include but are not limited to Defendants' original boat cleats, but to further reproduction in different sizes.

38. Defendants had actual knowledge of the '449 Patent and its alleged infringement of that patent since at least the time it received Plaintiffs' phone call and emailed notice of infrigement on or about November 14, 2012.

39. Upon information and belief, since at least the time it received Plaintiffs'

November 14, 2012 email notice and phone call, Defendants have induced and contine to induce others to infringe at least one claim of the '449 patent under U.S.C. § 271 (b) by, among other things, an with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendants' partners and customers, whose use of the Accused Services and Products constitutes direct infringement of at least one claim of the '449 patent.

40. In particular, Defendants' actions that aid and abet others such as its partners and customers to infringe include advertising and distributing the Accused Services and Products and providing literature, press releases, training, and consulting services regarding the Accused Services and Products.  On information and belief, Defendants have engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '449 Patent since at least the date it received the phone call and email from Carp notifying Defendants that such activities infringed upon the '449 Patent.

41. Despite Plaintiffs' notice regarding the '449 Patent, the Defendants have continued to infringe the '449 patent.  On information and belief, Defendants' infringement has been continues to be willful.

42. The Plaintiffs have been harmed by Defendants' infringing activities.

## FIFTH CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. D484481
## (35 U.S.C. § 271)

43. The allegations set forth in the foregoing paragraphs 1 through 42 are hereby realleged and incorporated herein by reference.

44. Upon information and belief, Defendants have infringed and continue to infringe one or more claims of the '481 Patent in this judicial district and elsewhere by

making, using, selling, and/or offering for sale services and products that infringe and/or perform processes that infringe one or more claims of the '481 Patent ("Accused Services and Products for the '481 Patent").

45. Upon information and belief, Defendants' Accused Services and Products for the '481 Patent include but are not limited to Defendants' boat cleats.

46. Defendant had actual knowledge of the '481 Patent and its alleged infringement of that patent since at least the time it received the Plaintiff's phone call and emailed notice of infringement on or about November 14, 2012.

47. Upon information and belief, since at least the time it received Plaintiffs' November 14, 2012 email notice and phone call, Defendants have induced and contine to induce others to infringe at least one claim of the '449 patent under U.S.C. § 271 (b) by, among other things, an with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendants' partners and customers, whose use of the Accused Services and Products constitutes direct infringement of at least one claim of the '481 patent.

48. In particular, Defendants' actions that aid and abet others such as its partners and customers to infringe include advertising and distributing the Accused Services and Products and providing literature, press releases, training, and consulting services regarding the Accused Services and Products. On information and belief, Defendants have engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '449 Patent since at least the date it received the phone call and email from Carp notifying Defendants that such activities infringed upon the '481 Patent.

49. Despite Plaintiffs' notice regarding the '481 Patent, the Defendants have continued to infringe the '481 patent. On information and belief, Defendants' infringement has been continues to be willful.

50. The Plaintiffs have been harmed by Defendants' infringing activities.

## JURY DEMAND

Plaintiffs demand a trial jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Robert and Douglas Carp respectfully requests that this Court enter judgment for them and against Defendants as follows:

a. An adjudication that Defendants have infringed the '312, 841, 842, 448, and 449 Patents;

b. An award of damages to be paid by Defendants adequate to compensate the Plaintiffs for Defendants' past infringement of the above Patents, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

c. An order that Defendants pay an ongoing royalty in an amount to be determined for any continued infringement of the above Patents after the date judgment is entered.

d. An award of treble damages under 35 U.S.C. § 284;

e. A declaration finding this to be an exceptional case, and awarding Robert and Douglas Carp attorney fees under 35 U.S.C. § 285; and

  f. For such further relief at law and in equity as the Court may deem just and proper.

Dated: March 19, 2013

Respectfully Submitted,


/s/Robert H. Carp
Massachusetts Bar No. 676732
Cottens and Carp, LLC
188 Needham Street #110R
Newton, MA 02464
Email:  rcarp@post.harvard.edu

Attorney for Plaintiffs (pro se)
Douglas and Robert Carp

## ASSIGNMENT OF PATENTS



**UNITED STATES PATENT AND TRADEMARK OFFICE**
Under Secretary of Commerce for Intellectual Property and
Director of the United States Patent and Trademark Office

MAY 15, 2012

PTAS

DOUGLAS AND ROBERT CARP
188 NEEDHAM ST. SUITE 110R
NEWTON, MA 02464

**501919370**

```
                    UNITED STATES PATENT AND TRADEMARK OFFICE
                    NOTICE OF RECORDATION OF ASSIGNMENT DOCUMENT

THE ENCLOSED DOCUMENT HAS BEEN RECORDED BY THE ASSIGNMENT RECORDATION BRANCH
OF THE U.S. PATENT AND TRADEMARK OFFICE. A COMPLETE COPY IS AVAILABLE AT THE
ASSIGNMENT SEARCH ROOM ON THE REEL AND FRAME NUMBER REFERENCED BELOW.

PLEASE REVIEW ALL INFORMATION CONTAINED ON THIS NOTICE. THE INFORMATION
CONTAINED ON THIS RECORDATION NOTICE REFLECTS THE DATA PRESENT IN THE PATENT
AND TRADEMARK ASSIGNMENT SYSTEM. IF YOU SHOULD FIND ANY ERRORS OR HAVE
QUESTIONS CONCERNING THIS NOTICE, YOU MAY CONTACT THE ASSIGNMENT RECORDATION
BRANCH AT 571-272-3350. PLEASE SEND REQUEST FOR CORRECTION TO: U.S. PATENT
AND TRADEMARK OFFICE, MAIL STOP: ASSIGNMENT RECORDATION BRANCH, P.O. BOX
1450, ALEXANDRIA, VA 22313.


RECORDATION DATE: 05/14/2012           REEL/FRAME: 028202/0022
                                       NUMBER OF PAGES: 12

BRIEF: ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENT FOR DETAILS).

ASSIGNOR:
  ZIEMER, DAVID                        DOC DATE: 05/05/2012

ASSIGNEE:
  CARP, DOUGLAS S.
  188 NEEDHAM ST. SUITE 110R
  NEWTON, MASSACHUSETTS 02464

APPLICATION NUMBER: 29167595           FILING DATE: 09/17/2002
PATENT NUMBER: D489312                 ISSUE DATE: 05/04/2004
TITLE: BOAT CLEAT

APPLICATION NUMBER: 29168566           FILING DATE: 10/03/2002
PATENT NUMBER: D484841                 ISSUE DATE: 01/06/2004
TITLE: BOAT CLEAT

APPLICATION NUMBER: 29168567           FILING DATE: 10/03/2002
PATENT NUMBER: D484448                 ISSUE DATE: 12/30/2003
TITLE: BOAT CLEAT

APPLICATION NUMBER: 29168704           FILING DATE: 10/07/2002
PATENT NUMBER: D484449                 ISSUE DATE: 12/30/2003
TITLE: BOAT CLEAT
```

P.O. Box 1450, Alexandria, Virginia 22313-1450 - WWW.USPTO.GOV

PLAINTIFFS ROBERT AND DOUGLAS CARP'S
COMPLAINT FOR PATENT INFRINGEMENT

## ASSIGNMENT OF PATENTS (CONTINUED)

```
028202/0022 PAGE 2


     APPLICATION NUMBER: 29169487      FILING DATE: 10/21/2002
     PATENT NUMBER: D484842             ISSUE DATE: 01/06/2004
     TITLE: BOAT CLEAT


     ASSIGNMENT RECORDATION BRANCH
     PUBLIC RECORDS DIVISION
```