## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

DOUGLAS CARP,
ROBERT CARP,

                Plaintiffs,

v.

CLEVA CLEATS, LLC;
KEVIN WOOD;
JARRETT EDWARDS OUTDOORS;
JARRETT EDWARDS;
REBECCA EDWARDS;

                Defendants.

Civil Action No. 1:13-cv-10631-JLT

**NOTICE OF VOLUNTARY
DISMISSAL WITH PREJUDICE**

## NOTICE OF VOLUTARY DISMISSAL WITH PREJUDICE

Pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, Plaintiffs Douglas Carp and Robert Carp hereby voluntarily dismiss with prejudice the above-entitled action against Defendants Cleva Cleats, LLC, Kevin Wood, Jarrett Edwards Outdoors, Jarrett Edwards, and Rebecca Edwards, pursuant to the terms of a settlement agreement entered into by all parties to this action. This Notice of Voluntary Dismissal is being filed before any of the defendants have filed an Answer or otherwise responded to the Complaint.

Dated: April ˡᵒ, 2013

Respectfully submitted,

/s/ ///\L

Robert H. Carp
Massachusetts Bar No. 676732
Cottens and Carp, LLC
188 Needham Street #110R
Newton, MA 02464
Email: rcarp@post.harvard.edu

Attorney for Plaintiffs (*pro se*)
Douglas and Robert Carp

1

## **CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of the foregoing were served on all parties via email on April _____, 2013.

/s/ _____

Robert H. Carp

## Settlement Agreement

This Settlement Agreement ("Agreement") is made on this 25th day of April 2013 by and between Plaintiffs Douglas Carp and Robert Carp ("Carp") and Defendants Cleva Cleats, LLC ("Cleva Cleats"), Kevin Wood ("Wood"), Jarrett Edwards Outdoors, Jarrett Edwards, and Rebecca Edwards (collectively, "Defendants").

## Recitals

WHEREAS, on March 19, 2013, Carp initiated lawsuit No. 13-cv-1063 against Defendants in the Federal District Court for the District of Massachusetts (the "Lawsuit") accusing the Defendants of infringing U.S. Design Patent Nos. 489,312; 484,842; 484,448; 484,449; 484,481 (collectively, "the Patents-in-Suit");

WHEREAS, without admitting any liability, Carp and the Defendants (collectively, the "Parties") wish to resolve their disputes, without further litigation, and to dismiss the claims of the Complaint; and

WHEREFORE, in consideration of their mutual promises contained herein and for other good and valuable consideration, the adequacy of which is hereby acknowledged by all parties to this Agreement, the Parties agree as follows:

## Provisions

1. **Inventory**

Cleva Cleats and Wood agree to deliver its remaining inventory of the accused products to Carp. Upon execution of this Agreement, Cleva Cleats and Wood will deliver the below identified products to Carp on or before April 25, 2013. Cleva Cleats and Wood represent and warrant that the remaining inventory for the accused products is as follows:

| Product Description | Remaining Inventory |
|---|---|
| Dolphin-Shaped Deck-Mounted Cleat | 8 pieces |
| Dolphin-Shaped Stud-Mounted Cleat | 5 pieces |
| Shark-Shaped Stud-Mounted Cleat | 5 pieces |
| Shark-Shaped Deck-Mounted Cleat | 26 pieces |
| Bass-Shaped Stud-Mounted Cleat | 19 pieces |
| Bass-Shaped Deck-Mounted Cleat | 43 pieces |
| Total | 106 Pieces |

2. **CAD Files**

Cleva Cleats and Wood agree to deliver the CAD files associated with the molds for the accused products. Upon execution of this Agreement, Cleva Cleats and Wood will deliver the CAD files identified below to CARP on or before April 25,

2013.  Cleva Cleats and Wood represent and warrant the CAD files associated with the molds for the accused products are identified as follows:

| Product Description | CAD Filename |
|---|---|
| Bass-Shaped Cleat | BASS_MOUTH.IGS |
| Shark-Shaped Cleat | 6 CLEAT SHARK.IGS |
| Dolphin-Shaped Cleat | 6 CLEAT DOLPHIN.IGS |

3.     **Payment.**

Defendants shall pay $6,000.00 to Carp according to the following schedule:

- $3,000.00 on or before April 25, 2013 ("the First Settlement Payment");
- $3,000.00 on or before August 23, 2013 ("the Second Settlement Payment");

Defendants may pay Carp by mailing a check to Robert Carp at the below address.  Mailing a check on or before the dates listed above is in compliance with the terms of this Agreement.

> Robert Carp, Esq.
> Cottens and Carp, LLC
> 188 Needham Street #110R
> Newton, MA 02464

4.     **Denial of Liability.**  The Parties acknowledge that they are entering into this Agreement to resolve disputed claims, that nothing herein shall be construed to be an admission of liability, and that the Parties expressly deny any liability to the other Party.

5.     **Dismissal of Lawsuit.**

Carp agrees to dismiss, with prejudice, all claims raised in the Lawsuit or which could have been raised in the Lawsuit.  Upon execution of this Agreement, receipt of the remaining inventory, receipt of the CAD files, and receipt of the First Settlement Payment, Carp agrees to execute and file the Notice of Dismissal with Prejudice, attached hereto as Exhibit A.  The Notice of Dismissal with Prejudice shall be filed within two (2) business days after (1) the later of the Parties signing this Agreement and (2) Carp receives the remaining inventory, the CAD files, and the First Settlement Payment.

6.     **Release and Covenant Not to Sue**.

6.1    **Carp's Release.**  Carp releases Defendants and their employees, agents, legal representatives, attorneys, parent companies, divisions, predecessors, heirs,

2

successors, assigns, subsidiaries, affiliates, distributors, suppliers and customers from any and all claims, demands, actions, causes of action, suits, contracts, obligations, agreements, damages, debts and liabilities of every name and nature, whether in law or in equity, which are now known or unknown, and from any and all other claims relating to or arising from the Lawsuit, or which were or could have been asserted in the Lawsuit.

6.2 **Carp's Covenant Not Sue.** Carp covenants not to sue Defendants and their employees, attorneys, parent companies, divisions, predecessors, successors, assigns, subsidiaries, affiliates, distributors, suppliers, and customers for any and all claims, including patent infringement claims, demands, actions, causes of action, suits, contracts, obligations, agreements, damages, debts and liabilities of every name and nature, whether in law or in equity, which are now known or unknown.

7. **Enforcement and Choice of Law.**

This Agreement shall be governed by Massachusetts law, without regard to its principles of choice of law. Any dispute between the Parties arising out of or in connection with this Agreement shall be subject to the exclusive jurisdiction of the United States District Court for the District of Massachusetts. The Parties shall consent, and hereby consent, to jurisdiction and venue in such Court solely with respect to proceedings relating to the subject matter of this Agreement. However, upon payment of the First Settlement Payment, defendants Jarrett Edwards Outdoors, Jarrett Edwards, and Rebecca Edwards (collectively "the Edwards Defendants") shall be entitled to the benefits of the general release in paragraph 6.1 and the Notice of Dismissal referred to in paragraph 5 shall be filed as to them.

8. **Representations and Warranties.**

8.1 Each Party represents and warrants to the others that:

   (a)   It has the right to enter into this Agreement and the Notice of Dismissal, that it has the power and authority to execute, deliver, and perform its obligations under this Agreement; and that the execution, delivery, and performance of this Agreement by such party will not conflict with, result in the breach of, or constitute a default under, any commitment, contract, or other agreement, instrument, or undertaking to which it is a party or by which any of its property is bound;

   (b)   It is represented by counsel of its choosing, and has been or is fully advised of its rights under the law and of the facts relating to the subject matter of the Agreement and the disputes between the parties as ascertained by its respective counsel;

(c)    The Agreement is made and executed of its own free will and in accordance with its own judgment and upon advice of counsel;

(d)    It has not been influenced, coerced or induced to make this compromise and settlement by any improper action by the other party or any other party's counsel, and it has not relied on any representations made by another party (or its agents or representatives) in deciding to enter into this Agreement, except as expressly provided herein; and

(e)    This Agreement was negotiated and drafted with input from all of the parties and their counsel. Therefore, in construction of this Agreement, the Agreement shall not be construed against any particular party.

8.2    Carp represents and warrants that (1) Carp owns and has valid title to the Patents-In-Suit, and has the right to grant releases and covenants of the full scope set forth herein; and (2) Carp has not assigned or otherwise transferred to any other Person any rights to the Patents-In-Suit that would prevent Carp from entering into this Agreement or impair the rights conveyed herein.

**9.**    **Confidentiality.** This Agreement is confidential and may not be shared by either party with any person, except as provided for in this Agreement. The Parties agree to cause their attorneys, agents, employees, officers, and directors to maintain the confidentiality of this Agreement and its terms. The Parties may not publicly disclose that this Agreement exists, its terms, or that the case has been settled. Neither Party shall disclose the terms of this Agreement except:

(a)    with the prior written consent of the other Party;

(b)    to any governmental body having jurisdiction and specifically requiring such disclosure;

(c)    to a Party's accountants, legal counsel, tax advisors and other financial and legal advisors, subject to obligations of confidentiality and/or privilege at least as stringent as those contained herein;

(d)    if disclosure is demanded by a subpoena, order from a court or government agency, or as may otherwise be required by law or regulation, and subject to protective order or written agreement between counsel that such disclosure shall be limited to "Attorneys Eyes Only"; and, in the case disclosure is pursuant to a protective order, such protective order shall provide, to the extent practicable, that any production under a protective order would be protected under an "Attorneys Eyes Only" or higher confidentiality designation.

**10.**    **Costs.** Carp and the Defendants shall each bear their own attorneys' fees, expenses, and costs with respect to the Lawsuit.

11. **Taxes.** The Parties make no warranty, representation or comment on the actual, expected or potential tax effects and consequences of this Agreement. Each Party warrants and represents to the other that such Party has sought and received tax advice from tax advisors of such Party's choice concerning such tax matters. As an express condition of execution of this Agreement, the Parties each hereby waive any and all claims against the other Party with respect to any tax effects and consequences of this Agreement.

12. **Assignment.** No Party may assign or otherwise transfer any of its rights or obligations hereunder without the prior written consent of the other Party.

13. **Interpretation.** The language of this Agreement has been approved by counsel for the Parties. The language of this Agreement shall be construed as a whole according to its fair meaning and none of the Parties (or the Parties' respective attorneys) shall be deemed to be the draftsman of this Agreement in any action which may hereafter arise between the Parties. The bolded headings and captions used herein shall not be used to interpret or construe this Agreement.

14. **Complete Agreement.** This Agreement constitutes the complete agreement between the Parties and supersedes all prior understandings, negotiations, representations, and agreements between them, whether oral or written, with respect to the settlement of the Lawsuit. Any modification or amendment of this Agreement must be made in writing and executed by the Parties.

15. **Waiver.** No breach of any provision of this Agreement shall constitute a waiver of any provisions hereof, and no waiver shall be effective unless made in writing and signed by an authorized representative of the waiving Party.

16. **Severability.** If any provision of this Agreement shall be determined to be invalid, illegal or unenforceable under any controlling body of law, that provision shall be reformed, construed and enforced to the maximum extent permissible; and the validity, legality and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

17. **Counterparts.** This Agreement may be signed in counterparts, each of which shall be deemed an original hereof, but all of which together shall constitute one and the same instrument. Delivery of signatures by means of facsimile or electronic mail shall be as effective as original signatures.

18. **Duty to Effectuate.** The Parties agree to perform any lawful additional acts, including the execution of additional agreements, as are reasonably necessary to effectuate the purpose of this Agreement.

IN WITNESS WHEREOF, the parties have executed this agreement as of the date and year first above written.

5

**Robert Carp, Esq.**

_____
Robert Carp, Esq.
Date:_____

**Douglas Carp**

_____
Douglas Carp
Date:_____

**Cleva Cleats, LLC**

_____
Name:_____
Title:_____
Date:_____

**Kevin Wood**

_____
Kevin Wood
Date:_____

**Jarrett Edwards Outdoors**

_____
Name:_____
Title:_____
Date:_____

**Jarrett Edwards**

_____
Jarrett Edwards
Date:_____

**Rebecca Edwards**

_____
Rebecca Edwards
Date:_____

6

# EXHIBIT A